Mr. Justice Thacher
delivered the opinion of the court.
This action of assumpsit is founded upon two promissory notes made jointly and severally by Thornton Alexander, who has deceased since the institution of the suit, and the plaintiff in error, James Payne. Non-assumpsit and payment are pleaded to the declaration, which contains a count upon each note and a money count.
Two errors are assigned : first, the refusal of the circuit court to permit the testimony of Samuel Cotton, a witness, to go to the jury; and secondly, the ruling out from the evidence the deposition of Almira E. Alexander.
The testimony of the former witness went to show that the notes were two of four, given in consideration of future occupation by Alexander of a hotel in the city of Natchez, for one year from the date of the notes, which was July 15, 1839; that Alexander wpnt into possession of the hotel at the date of the notes, and so continued until the 7th of May, 1840, when the hotel was totally destroyed by a tornado; and that Alexander had paid two of the four notes. The objections to this testimony were, that it was evidence of a denial of the consideration of a part only of one of the notes; that it was improper testimony in the state of the pleadings; and that the destruction of the hotel by the tornado was not a legitimate defence to the notes, or any part of them.
*404 The main question presented in this case is, whether, under all the circumstances, the whole amount agreed to be paid for the occupation of the hotel is recoverable from the makers of the notes. The contract between Alexander and the payee of the notes, as would have been disclosed by Cotton’s testimony, was, in effect, a lease for twelve months of a certain property, the rent whereof was the sum embraced in the several notes. A contract for the use and occupation of property for such a period, made with one authorized to so contract, is under our statute a valid lease, even if verbal. H. & H. 370, sec. 1. Such being the case, the notes constituted an express agreement to pay, in which there is no reservation by the makers against responsibility, in case of accidents, and the rule is now settled that neither law nor equity will interfere in favor of a tenant, against'his own express agreement to pay rent. 3 Kent, 465, &c. The fact that the agreement was not under seal, constitutes no exception to the rule; and the surety upon the notes, although not the tenant, has, by his contract, made himself liable as such. Thus Cotton’s testimony would have been irrelevant, since it could not have changed the legal responsibility of the makers of the notes, and it was therefore well excluded.
In the deposition of Almira E. Alexander, in answer to a question, upon cross-examination, she declared herself to be the widow of Thornton Alexander. An attempt was made to show by other testimony that such was not the fact, but this attempt was far from being conclusively successful. She was incompetent, therefore, on the ground of interest, to prove a payment; because the estate of her deceased husband might be called upon for contribution. She cannot, as a distributee of the estate, be permitted to testify in any case where her testimony might swell the amount of the estate. The exclusion of the deposition was in accordance with law.
The judgment must be affirmed.